## EL PUEBLO *v.* VALCOURT.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 419.—Resuelto en junio 10, 1912.

DERECHO PENAL—DESACATO—PERJURIO—ORDEN PARA MOSTRAR CAUSA.—De acuerdo con la ley de marzo 9, 1911, castigando sumariamente como desacato el perjurio, el juez que conóce del asunto, para expedir la orden contra el perjuro para mostrar causa por la cual no deba ser castigado por desacato, no está obligado a examinar antes de expedir dicha orden las pruebas practicadas, ni es necesario relacionarlas en dicha orden, siendo suficiente que el juez crea que se ha cometido el perjurio, para que de oficio proceda a la investigación de los actos constitutivos de desacato.

ID.—LEY CONSTITUCIONAL—CASTIGO SUMARIO DEL DELITO DE PERJURIO.—Ya se ha resuelto en el caso de *El Pueblo* v. *Fourquet*, 17 D. P. R., 1077, que la ley de marzo 9, 1911, castigando como desacato y de un modo sumario el perjurio, no es anticonstitucional.

ID.—LEY CONSTITUCIONAL—PERJURIO CASTIGADO COMO DESACATO—DEFENSA DE HABER SIDO EXPUESTO ANTERIORMENTE POR EL MISMO DELITO (FORMER JEOPARDY.—Es prematuro el alegar la defensa de haber sido expuesto anteriormente por el mismo delito (*former jeopardy*), cuando, como en el caso de autos, el acusado de desacato por haber cometido perjurio, no ha sido procesado por el delito de perjurio dentro del procedimiento ordinario del Código de Enjuiciamiento Criminal. Muchos actos constitutivos de delito, lo son al mismo tiempo de desacato, y el hecho de que se haya castigado a uno por el delito, no impide que se le castigue por el desacato.

ID.—PERJURIO CASTIGADO COMO DESACATO—SIGNIFICACIÓN DE LAS PALABRAS "DURANTE LA CELEBRACIÓN DEL JUICIO DE CUALQUIER CASO PENDIENTE." JURISDICCIÓN.—Examinada la ley de marzo 9, 1911, castigando como desacato el delito de perjurio, parece que las palabras "durante la celebración del juicio de cualquier caso pendiente" limitan el término dentro del cual debe iniciarse el procedimiento de desacato por perjurio, al tiempo que dure el juicio de un caso pendiente. Se dice que un caso civil esta "pendiente" ante una corte, desde que se presenta la demanda hasta que se dicta sentencia resolviendo la cuestión que se litiga. Desde el momento en que el caso deja de estar "pendiente" termina la jurisdicción de la corte para castigar como desacato el perjurio, y el delincuente sólo puede ser procesado por perjuro en la forma ordinaria.

ID.—PERJURIO CASTIGADO COMO DESACATO—MANIFIESTA FALSEDAD DEL TESTIMONIO.—Las palabras "manifiesta falsedad del testimonio" significan que el juez ante quien se ha declarado falsamente, esté satisfecho que se ha cometido tal perjurio y esta convicción se le hace manifiesta al juez, lo mismo que cualquier otro hecho, mediante la observación, percepción o cualquier otro modo de razonar, o por otros medios que no señala la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Cayetano Coll Cuchí.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

El apelante en este caso fué declarado culpable en 14 de agosto último por la Corte de Distrito de San Juan, Sección 2ª., de un delito de desacato cometido mediante perjurio por dicho acusado, en 18 del mes de julio anterior, en un caso de divorcio que entonces se encontraba pendiente ante dicha corte y en el que Valcourt era demandante y declaró como testigo en su propia defensa, por cuyo delito fué condenado a la pena de tres meses de cárcel y pago de las costas procesales.

Considerando la corte sentenciadora que la declaración prestada por el demandante era falsa, libró una orden en 3 de agosto de 1911 contra dicho apelante, para que compareciera a mostrar las razones si algunas tenía, por las cuales no debía ser castigado por desacato. Se celebró el juicio en el que declararon varios testigos, habiendo sido el acusado declarado culpable y condenado a prisión como queda dicho. Se interpuso debidamente apelación contra dicha sentencia y aparece en los autos un pliego de excepciones y una exposición del caso en donde está contenida la prueba que se presentó en el juicio. Después de algunas demoras, ambas partes formularon sus respectivos alegatos escritos e hicieron informes orales en el acto de la vista.

La cuestión preliminar promovida en este caso es la de que según aparece de los autos no hay sentencia por la que se condene al apelante a ninguna pena, y que por tal razón el acusado debe ser absuelto por esta corte. La sentencia condenatoria parece haber sido dictada en debida forma y sólo se nota en ella que falta la firma del juez sentenciador. El apelante se funda en el Capítulo I del título 8º. del Código de Enjuiciamiento Criminal en apoyo de esta proposición.

No existe en dicho capítulo así como tampoco en ningún otro estatuto de esta Isla, precepto alguno que exija que la

sentencia sea firmada por el juez sentenciador. Esta es la práctica corriente en nuestras cortes que debe recomendarse y merece seguirse; pero la ley no la exige. Por el contrario, cuando se dicta una sentencia condenatoria el secretario tiene el deber de registrarla en las minutas de la corte, expresando brevemente el delito por el cual fué declarado culpable el acusado, debiendo dentro del término de cinco días con posterioridad a esto, agregar una copia de la misma a los autos que constituyen la causa. (Artículo 326 del Código de Enjuiciamiento Criminal.) Por consiguiente, somos de opinión que la sentencia condenatoria es correcta en la forma en que se encuentra.

Este es el segundo caso de esta índole que ha llegado a esta corte para su decisión. El primero fué el caso de José Fourquet, que fué confirmado en 20 de noviembre de 1911. (17 D. P. R., 1077.) Sin embargo, existen marcadas diferencias entre los dos casos, las cuales examinaremos más tarde. Examinemos los autos que ahora se encuentran ante este tribunal y las cuestiones que en los mismos han sido presentadas. Se han alegado dos motivos por los cuales se solicita la revocación de la sentencia apelada.

1°. Que la corte sentenciadora no adquirió jurisdicción porque la orden para mostrar causa no exponía hechos suficientes para constituir el delito de perjurio.

2°. Que la ley de 9 de marzo, 1911, proveyendo un castigo sumario por el delito de desacato cometido mediante perjurio es inconstitucional.

Con respecto a los defectos contenidos en la orden para mostrar causa debemos primeramente hacer una breve discusión. En dicha orden claramente se imputa al acusado la comisión de un delito de perjurio en corte abierta mientras declaraba en un asunto civil. Esto era todo lo que se necesitaba. Es evidente que de acuerdo con el estatuto proveyendo un procedimiento sumario para castigar tales desacatos, la corte sentenciadora, mientras estaba pendiente el caso con respecto al cual se cometió dicho perjurio, tenía jurisdic-

ción en cuanto al desacato.   Es un hecho que no debe perderse de vista, que el castigo en este caso se impuso por el desacato y no por el perjurio, por el cual, según dispone el estatuto, podría aún ser requerido el acusado para contestar los cargos que se le imputaran en otro proceso.

La orden para mostrar causa contenía más de lo que la ley exige, pero esto no la viciaba.   Todo lo que la ley exige en tales procedimientos es que el juez esté satisfecho de acuerdo con su criterio de todas las circunstancias y pruebas que se le presentaron primeramente, de que el delito de perjurio se ha cometido; entonces puede proceder por su propia iniciativa a la investigación del desacato y no está obligado a examinar todas o algunas de las pruebas con anterioridad a la expedición de la orden para mostrar causa, ni incluir en la misma ninguna relación de dicha prueba.   La prueba se presenta en el juicio y en ella se funda la resolución definitiva y sentencia de la corte con respecto a si se ha cometido o no un desacato y el castigo por el mismo si alguno se impusiere. Este caso es bastante parecido en cuanto a este particular al de Fourquet, fallado por esta corte en 20 de noviembre último.

Pero en el caso de Fourquet había alguna duda con respecto a la constitucionalidad del estatuto en el cual se fundaba este procedimiento, porque se hizo la alegación de que el desacatador no había tenido el debido procedimiento de ley en su condena.   En cuanto a este punto se declaró que el estatuto era constitucional.   Se invoca además otra prescripción de la Constitución Americana por el apelante.   Es la contenida en la misma Quinta Enmienda, de que ninguna persona será expuesta a un proceso criminal dos veces por el mismo delito.

Con respecto a este criterio acerca de la inconstitucionalidad de la ley en la cual el procedimiento se fundó, podemos decir que es prematuro promover ahora la cuestión de haber estado expuesto por dos veces por el mismo delito, cuya cuestión puede presentarse cuando se siga el procedimiento contra el apelante, si esto sucediera, por el delito de perjurio que se

alega ha sido cometido durante el juicio del caso de divorcio. Entonces puede resolverse la cuestión. El acusado aun no ha estado expuesto por dos veces y hasta que esto no suceda, no puede él alegar la protección de la Quinta Enmienda a la Constitución de los Estados Unidos. Además, existen muchos delitos y ofensas que a la vez son desacatos a las cortes, y el castigo impuesto por el desacato en tales casos no es un obstáculo para que se fije una pena por el delito mediante el cual el desacato fué cometido. Un acometimiento realizado por cualquier persona en corte abierta durante la celebración de un juicio es una violación de la ley contra la paz pública y a la vez constituye un desacato que puede ser castigado sumariamente por la corte, sin que siquiera sea necesaria la celebración de un juicio en debida forma. Podrían citarse muchos otros ejemplos en igual sentido. Debe notarse, sin embargo, que al imponerse la pena al encontrarse culpable al acusado del delito de perjurio, pudiera suceder que el castigo impuesto por el desacato, si lo ha sufrido el apelante, podría ser tomado en consideración para rebajar la sentencia por el delito de perjurio.

Hasta el presente hemos resuelto que la ley de 9 de marzo de 1911 es constitucional, no siendo necesario tratar de nuevo lo discutido anteriormente en la opinión de este tribunal emitida en el caso de Fourquet, en 20 de noviembre de 1911. Esa opinión aun no ha sido publicada en las Decisiones de Puerto Rico, pero aparecerá en el Tomo XVII. (*El Pueblo* v. *Fourquet,* 17 D. P. R., 1077.) Un sumario incompleto de dicho caso aparece en el tomo 3º. de la *Gaceta Oficial* en las páginas 512 y 513, número 6, que lleva fecha 1º. de enero de 1912, en el que expresamos que ''creemos que no hay duda alguna con respecto al poder de la Legislatura para aprobar tal ley como aquella en la que se fundó este procedimiento; y que la misma está en completa fuerza y vigor en todas sus partes.'' Esa es aún nuestra opinión, a pesar de este nuevo ataque que se hace contra el estatuto, tomando para ello un argumento distinto al que se empleó anteriormente para atacarlo. La ley

contra la cual se ha hecho esta censura está enteramente en
armonía con la Constitución Americana.

Pero existen otras cuestiones que deben tomarse en con-
sideración al resolver este caso, algunas de las cuales han
dado por resultado que se hayan argumentado de nuevo las
mismas, así como que se hayan presentado alegatos adiciona-
les por el representante de El Pueblo de Puerto Rico y por el
abogado del acusado.   La primera es la que se refiere al sig-
nificado de las palabras "durante la celebración del juicio
de cualquier caso pendiente" en las cortes, y las palabras han
sido empleadas en el primer artículo del estatuto en donde
se castigan tales desacatos.   El recordar que tenemos en
nuestro Código Penal una ley válida y subsistente para de-
nunciar y castigar el delito de perjurio en forma ordinaria
por medio de la presentación de una acusación y la celebra-
ción de un juicio ante un jurado o la corte, lo mismo que cual-
quier otro delito más grave (*felony*), nos puede ayudar en esta
cuestión.   Los desacatos que se cometen en presencia de la
corte, como el que ahora se ha imputado al apelante, ordinaria-
mente se castigan sumariamente y mientras está pendiente el
trabajo que ordinariamente tiene la corte.   El perjurio puede
ser investigado y castigado si fuere necesario en cualquier
tiempo dentro del término fijado por la Ley de Prescripción.
Pero el desacato cometido por el perjuro al tratar de engañar
a la corte presentando una declaración falsa, exige procedi-
mientos más sumarios.   Por tal razón es que tal vez el pro-
cedimiento de desacato está limitado al tiempo "durante el
juicio de un caso pendiente."   Un caso civil está pendiente
ante una corte desde que se presenta la demanda hasta que
se dicta sentencia resolviendo la cuestión que se litiga.
Cuando el caso deja de estar pendiente, la jurisdicción para
castigar por desacato cometido mediante perjurio cesa y el
delincuente sólo puede ser procesado por el perjurio en la
forma ordinaria.

La segunda cuestión que ha sido alegada en la nueva vista,
fué la referente a la interpretación que debe darse al requi-

sito contenido en el estatuto, de que la falsedad del testimonio debe ser manifiesta para el juez de la corte. Hemos dicho en el caso de Fourquet que es necesario que "el juez que preside el caso debe de estar *satisfecho* de que un testigo en un caso entonces pendiente ante su corte y después de haber prestado el debido juramento, cometió perjurio," para establecer procedimientos con el objeto de declararlo culpable de desacato y castigarlo de conformidad con dicho delito. El hecho de que el testigo declare falsamente se hace *manifiesto* al juez lo mismo que cualquier otro hecho, mediante observación, percepción, por el modo de razonar, y por otros medios que no se señalan en el estatuto. El juez debe estar satisfecho, el hecho debe ser *manifiesto,* "lo mismo que una vista *prima facie* en un procedimiento civil, puede impeler a una corte a expedir un auto alternativo de *mandamus* o a dictar un *injunction* preliminar." Caso de Fourquet arriba citado. La palabra *manifiesto* según ha sido usada en este estatuto significa esto y nada más.

La tercera cuestión que ha sido alegada en la segunda vista ha sido resuelta al tratar de la primera y no necesita mayor discusión. Por tanto, apareciendo según ha sido admitido por el Fiscal que los procedimientos por desacato empezaron y concluyeron después de terminar el caso de divorcio, en donde se cometió el perjurio, la corte sentenciadora había perdido su jurisdicción para proceder de acuerdo con el estatuto de 9 de marzo de 1911, y la sentencia dictada con motivo de dicho desacato no es correcta y era realmente nula. Por las razones expresadas anteriormente la sentencia declarando culpable al apelante por el desacato y condenándole a prisión, debe anularse y absolverse por tanto al acusado.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Aldrey.