EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ NICOLÁS ORSINI y EMILIO DÁVILA, acusados y apelantes; EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EMILIO DÁVILA, acusado y apelante; EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ NICOLÁS ORSINI, acusado y apelante.

Nos. 3839, 3841 y 3838.—*Sometidos:* Noviembre 13, 1929.
*Resueltos:* Diciembre 6, 1929.

*M. Benítez Flores* y *B. Dávila Rodríguez,* abogados de los apelantes; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En el primero de los casos de epígrafe, los apelantes fueron conjuntamente acusados, juzgados y convictos de alterar la paz pública. El segundo y el tercero de estos casos fueron entonces sometidos por la prueba aducida, las objeciones presentadas y las excepciones anotadas durante el juicio del primero. A base de esa misma evidencia, cada uno de los acusados fué convicto de portar armas. En apelación, los tres casos han sido sometidos por un solo alegato de los apelantes y otro de El Pueblo.

La mayor parte de la argumentación en el alegato de los apelantes se dirige a la suficiencia de la prueba. No hay señalamiento alguno de errores, y esta omisión justificaría por sí sola la confirmación. Empero, hemos examinado la transcripción taquigráfica, y no hallamos en ella base alguna para condenar a Emilio Dávila en una u otra de las causas seguidas contra él. En el caso de Orsini un policía declaró sobre ciertas admisiones hechas por aquél. Lo que Orsini manifestó al policía fué, en síntesis, que su carro es-

taba parado a la orilla de la carretera cuando Dávila, quien venía detrás, llegó con otro carro, se detuvo y disparó, y que luego Orsini sacó un arma, y hubo mutuos disparos. La manifestación envuelve la admisión de que Orsini portaba un arma. No se desprende que fuera culpable de alterar la paz pública. Su versión de lo ocurrido (que no fué controvertida) más bien indica que Orsini actuó en defensa propia. Sobre esta teoría, él no perturbó la paz maliciosamente. No hubo *mens rea*.

Mientras declaraba el policía respecto a lo manifestado por Orsini, se formuló objeción por el fundamento de que tal prueba era de referencia e inadmisible. En cuanto a Orsini, no era de referencia. Tampoco era inadmisible, a falta de una objeción más definida. En lo que a Dávila concierne, no es necesario discutir la cuestión más ampliamente.

Tanto Orsini como Dávila iban acompañados de otros viajeros. Durante el juicio *de novo* ante la corte de distrito, varios de esos compañeros de viaje declararon que oyeron los disparos, que no vieron quién los hizo. Otros testigos pasaron junto a los dos carros poco antes de empezar el tiroteo, oyeron la descarga y dieron parte inmediata a la policía.

Al terminar la prueba de El Pueblo, el fiscal de distrito solicitó un receso hasta que el juez ante quien se había celebrado el juicio de los tres casos en la corte municipal pudiera comparecer para fines de impugnación. Después de haber declarado el jefe de la policía del distrito en torno a ciertas declaraciones juradas prestadas en el curso de la investigación original, la corte se declaró en receso y se reanudó la vista a una hora posterior del mismo día.

El fiscal de distrito no estaba listo para juicio. En verdad, no tendría motivo alguno para quejarse si se le hubiese denegado la solicitud de receso. El juez que presidió el juicio tenía fundados motivos para estar resentido de la forma solapada en que describieron el tiroteo los acompañantes de los dos protagonistas, que no tomaron parte en la reyerta, y quienes, teniendo oídos para oír, oyeron los disparos; pero,

teniendo ojos para ver, nada vieron. No hallamos abuso de discreción por haberse concedido el receso.

■ Durante la sesión de la tarde, un número de testigos de El Pueblo fué examinado por el fiscal sin objeción de parte de los acusados. A todos los testigos de un grupo se les interrogó si habían declarado, durante el juicio celebrado en la corte municipal, que Orsini hizo los disparos. A todos los del otro grupo se les preguntó si no habían declarado que Dávila hizo los disparos. La contestación de todos fué en sentido negativo. El juez municipal entonces declaró que el primer grupo había dicho en la corte municipal que Orsini estaba obstruyendo el tráfico con su carro y abrió fuego contra Dávila, cuando éste llegó con sus amigos; mientras que el segundo grupo había manifestado que, al llegar, Dávila hizo fuego contra Orsini.

Los acusados se opusieron a la declaración del juez, por dos motivos: primero, porque los acusados no tenían conocimiento previo de que el juez sería utilizado como testigo en contra de ellos, y, segundo, porque el procedimiento era inaudito y anormal. El juez de distrito inquirió respecto a cuál era el fin de esa declaración. El fiscal respondió que tenía el propósito de impugnar la credibilidad de los testigos que habían precedido al juez municipal, y para demostrar que habían hecho anteriormente un relato distinto. El juez de distrito anunció que lo que los testigos habían dicho en una ocasión anterior no podía considerarse como evidencia en el caso que se estaba ventilando. El fiscal asintió. El juez admitió la declaración a fin de pesar las manifestaciones de los testigos que iban a ser impugnados (en caso de que se demostrara que anteriormente habían hecho manifestaciones contradictorias) de acuerdo con el artículo 243 del Código de Enjuiciamiento Criminal y con la doctrina del caso de *El Pueblo* v. *Rojas,* 16 D.P.R. 251.

La corte agregó que podía tenerse en cuenta la declaración para estudiar la cuestión de desacato por perjurio. Los acusados anotaron excepción por el fundamento de que de-

bían resolverse los casos pendientes antes de que se iniciara el procedimiento de desacato. En contestación a eso, el juez sentenciador citó el caso de *El Pueblo* v. *Valcourt*, 18 D.P.R. 484, en el sentido de que resuelve que el paso inicial en un procedimiento por desacato debe darse antes de que termine el caso en que se alegue haberse cometido el perjurio de que se trate. El letrado manifestó que nada concreto había ante la corte, y que sólo existía una mera hipótesis: la de que los testigos no habían declarado en idéntica forma ante ambas cortes. El juez sentenciador replicó que no estaba obrando bajo ningún concepto erróneo, y reiteró sus manifestaciones anteriores al efecto de que no consideraría la declaración del juez municipal como una versión revisada de lo que habían dicho los testigos que le precedieron, sino que decidiría el caso por la evidencia aducida en él, de acuerdo con la doctrina sentada en *El Pueblo* v. *Rojas, supra.*

En esto no hallamos error.

*Se confirma la sentencia por portar armas en el caso No. 3838, contra Nicolás Orsini, y se revocan las sentencias apeladas en los casos Nos. 3841 y 3839.*